EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| | 2020 TSPR 20 |
| María G. Chévere Mouriño | 204 DPR _____ |

Número del Caso: TS-9791

Fecha: 10 de febrero de 2020

Lcda. María Georgina Chévere Mouriño:

    Por derecho propio

Programa de Educación Jurídica Continua:

    Lcda. María Cecilia Molinelli González

Materia: La suspensión será efectiva el 27 de febrero de 2020, fecha en que se le notificó a la abogada de su suspensión inmediata.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María G. Chévere Mouriño          TS-9,791

PER CURIAM

San Juan, Puerto Rico, a 10 de febrero de 2020.

Una vez más, nos vemos obligados a ejercer nuestro poder disciplinario para suspender a un miembro de la profesión jurídica por incumplir las órdenes de este Tribunal y los requerimientos del Programa de Educación Jurídica Continua (PEJC). Por ello, decretamos la suspensión inmediata e indefinida de la Lcda. María G. Chévere Mouriño (licenciada Chévere Mouriño) de la práctica de la abogacía y la notaría.[1]

I

El 13 de diciembre de 2018, la Directora del PEJC refirió ante nuestra atención el incumplimiento de la licenciada Chévere Mouriño con los requisitos de la educación jurídica continua. Además, nos informó que, como consecuencia de dicho incumplimiento, la letrada acumulaba

_____

[1]La Lcda. María G. Chévere Mouriño fue admitida a la práctica de la abogacía el 13 de marzo de 1991 y juramentó como notario el 24 de diciembre de 1992.

una deuda de $250.00 por concepto de multas. A raíz de ello, el 9 de enero de 2019, le concedimos a la licenciada Chévere Mouriño un término de veinte (20) días para mostrar causa por la cual no debía ser suspendida de la abogacía por incumplir con los requisitos de la educación jurídica continua y por no comparecer al PEJC cuando le fue requerido.

El 6 de febrero de 2019, la licenciada Chévere Mouriño, compareció mediante una Moción. En lo pertinente, adujo que el PEJC le cursó múltiples avisos a su antigua dirección. Sin embargo, la letrada no acompañó evidencia de haber actualizado sus datos en el Registro Único de Abogados (RUA), sino que meramente se limitó a informar su cambio de dirección ante la Oficina de Inspección de Notaría (ODIN). En la referida Moción, la licenciada Chévere Mouriño nos informó su dirección postal y el correo electrónico, por lo que se actualizó su RUA y procedimos a notificarle ulteriores órdenes a través del correo electrónico reportado. Así las cosas, la licenciada Chévere Mouriño procedió a acompañar en su Moción el correspondiente pago de las multas y solicitó una prórroga para completar los créditos de educación continua del período incumplido.

El 28 de febrero de 2019, accedimos a su solicitud y nuevamente le otorgamos la oportunidad de sesenta (60) días adicionales para que cumpliera con todos los cursos adeudados y que así lo acreditase mediante certificación

del PEJC. En vista de que incumplió con ese término y con la orden emitida por este Tribunal, el 14 de junio de 2019 le concedimos diez (10) días adicionales para que mostrara causa por la cual no debíamos suspenderla del ejercicio de la profesión de la abogacía. Nuevamente, la licenciada Chévere Mouriño incumplió con la orden emitida por este Tribunal. En lugar de disciplinarla, procedimos a concederle una última oportunidad mediante Resolución de 20 de septiembre de 2019. La licenciada Chévere Mouriño también incumplió esa orden.

Según consta mediante certificación de 27 de enero de 2020 del PEJC, la licenciada Chévere Mouriño continúa en incumplimiento con los requisitos de la educación jurídica continua. Asimismo, al día de hoy, la licenciada Chévere Mouriño no ha cumplido con nuestras órdenes.

## II

Sabido es que desatender nuestros requerimientos es incompatible con la práctica de la profesión, ya que constituye una violación al Canon 9 del Código de Ética Profesional, 4 LPRA Ap. IX, y menoscaba nuestro poder inherente de regular la profesión jurídica. In re Canales Pacheco, 200 DPR 228, 233 (2018). Consecuentemente, hemos sido tajantes al concluir que tal conducta conlleva la separación inmediata e indefinida del ejercicio de la abogacía. Íd.

Así también, hemos expresado que lo anterior se extiende a los requerimientos de nuestros brazos operacionales, tales como la Oficina del Procurador General, la Oficina de Inspección de Notarías y el PEJC. In re Torres Babilonia, 2019 TSPR 150; In re Arocho Cruz, 200 DPR 352, 361-362 (2018). De esa forma, hemos suspendido indefinidamente del ejercicio de la profesión a abogados por haber desatendido los requerimientos del PEJC y por apartarse de las exigencias concernientes a la educación jurídica continua.

Al amparo de la normativa jurídica expuesta, evaluaremos la conducta exhibida por la licenciada Chévere Mouriño.

**III**

Según explicado, la licenciada Chévere Mouriño no ha cumplido con nuestras reiteradas órdenes, las cuales, a su vez, están relacionadas a su incumplimiento con la educación jurídica continua. Desde hace más de un año, se le requirió cumplir con la educación jurídica continua y presentar la correspondiente certificación. Al presente, la licenciada Chévere Mouriño aún no ha cumplido. Ello, a pesar de las múltiples oportunidades brindadas por este Foro y de ser debidamente advertida de las posibles consecuencias.

El cuadro descrito evidencia el reiterado incumplimiento de la licenciada Chévere Mouriño con nuestras órdenes, lo cual constituye una violación al Canon

9 del Código de Ética Profesional, *supra*. Ante tal patrón de desobediencia, nos vemos obligados a suspenderla inmediata e indefinidamente de la práctica de la abogacía.

**IV**

Por los fundamentos que anteceden, suspendemos inmediata e indefinidamente a la Lcda. María G. Chévere Mouriño del ejercicio de la abogacía. Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la Sra. María G. Chévere Mouriño y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe. Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después

de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Sra. María G. Chévere Mouriño.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

María G. Chévere Mouriño                TS-9,791

SENTENCIA

San Juan, Puerto Rico, a 10 de febrero de 2020.

Por los fundamentos que anteceden, se suspende inmediata e indefinidamente a la Lcda. María G. Chévere Mouriño del ejercicio de la abogacía.

Como consecuencia, se le impone el deber de notificar a todos sus clientes sobre su inhabilidad para continuar representándoles. Del mismo modo, se le ordena que devuelva a sus clientes los expedientes de los casos pendientes y cualesquiera honorarios recibidos por trabajos no realizados. Además, se le impone la obligación de informar inmediatamente de su suspensión a los foros judiciales y administrativos en los que tenga asuntos pendientes. Por último, deberá acreditar a este Tribunal el cumplimiento con lo aquí ordenado, dentro del término de treinta días, contado a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Por su parte, se le ordena al Alguacil de este Tribunal incautar inmediatamente la obra y el sello notarial de la Sra. María G. Chévere Mouriño y entregarlos al Director de la Oficina de Inspección de Notarías para la correspondiente investigación e informe.

Además, en virtud de esta suspensión inmediata e indefinida del ejercicio de la notaría, la fianza que garantiza las funciones notariales queda automáticamente cancelada. Asimismo, la fianza se considerará buena y válida por tres años después de su terminación, en cuanto a los actos realizados durante el periodo en que ésta estuvo vigente.

Notifíquese personalmente esta Opinión *Per Curiam* y Sentencia a la Sra. María G. Chévere Mouriño.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. La Jueza Presidenta Oronoz Rodríguez no intervino.


                                    José Ignacio Campos Pérez
                                 Secretario del Tribunal Supremo